UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VINCENT LAMAR WILLIAMS,

                    Petitioner,

vs.                                    Case No.  2:06-cv-650-FtM-29DNF

UNITED STATES OF AMERICA,

                    Respondent.
_____

## OPINION AND ORDER

_____This matter comes before the Court on petitioner Vincent Lamar Williams' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #60)[1] filed on December 1, 2006.  The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on December 26, 2006 (Cv. Doc. #6).  For the reasons set forth below, the motion is dismissed in part and denied in part.

**I.**

On November 12, 2003, a federal grand jury in Fort Myers, Florida returned an Indictment (Cr. Doc. #1) charging petitioner Vincent Lamar Williams (petitioner or Williams) with two counts of

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case, Case No. 2:03-cr-128, as "Cr. Doc."

possession with intent to distribute and distribution of five grams or more of cocaine base, crack cocaine.  In due course petitioner pled guilty to one count pursuant to a Plea Agreement (Cr. Doc. #28).  On June 29, 2004, the Court sentenced petitioner to a 151 month term of imprisonment, to be followed by 48 months supervised release.  (Cr. Doc. #42).  Judgment (Cr. Doc. #44) was filed on July 1, 2004.

Petitioner through counsel filed a Notice of Appeal (Cr. Doc. #45), and on April 25, 2005, the Eleventh Circuit Court of Appeals dismissed petitioner's appeal based on the appeal waiver provision of his Plea Agreement.  (Cr. Doc. #57.)  The United States Supreme Court denied certiorari on October 31, 2005.  <u>Williams v. United States</u>, 546 U.S. 980 (2005).

## II.

The United States seeks to dismiss the § 2255 motion as untimely.  Petitioner's conviction became final on October 31, 2005 when certiorari was denied, and therefore petitioner had one year, or until November 1, 2006, to file the motion.  Since it was filed on December 1, 2006, the United States contends it was untimely.

In the § 2255 motion petitioner certifies that he placed the motion in the prison mailing system on October 19, 2006.  (Cv. Doc. #1, p. 13.)  Petitioner also filed a notice to the clerk of the court (Cv. Doc. #2) referring to the fact that his motion had been erroneously returned to him by the post office.  Giving petitioner

the benefit of the doubt as to these matters and the benefit of the "mailbox rule," <u>Houston v. Lack</u>, 487 U.S. 266 (1988), <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court finds that the motion is timely.

**III.**

On the merits, petitioner's § 2255 motion makes little sense and generally does not state claims which are cognizable in a § 2255 proceeding. Read liberally, petitioner seeks to settle an escrow, states that he directed his appointed attorney to settle this account, and his attorney refused to do so. This failure to settle the escrow resulted, petitioner asserts, in the denial of effective assistance of counsel and a conflict of interest between the parties. As relief, petitioner seeks relief from any and all Federal tax liens, debts, judgments or any owed accounts held by any legal holder-in-due-course or alleged debtor. (Cv. Doc. #1). Petitioner also filed a First Notice of Demand and Settlement for Closing of the Escrow (Cv. Doc. #8) asserting that various persons involved in the criminal case were liable to petitioner for $4 million. More recently in the criminal case petitioner filed a Notice: Willful Failure to File asking certain persons to file tax returns to cover issues he raised in the criminal case. (Cr. Doc. #63.)

Nothing about the settlement of an escrow account, or the fictional claims against persons related to the underlying criminal

case, or tax returns are cognizable under a § 2255 motion. Therefore, these claims will be dismissed.  A claim of ineffective assistance of counsel is cognizable in a § 2255 proceeding, but petitioner has not shown anything to establish ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

Accordingly, it is now

**ORDERED**:

1.   Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DISMISSED** as to all claims other than ineffective assistance of counsel, and is **DENIED** as to the ineffective assistance of counsel claims.

2.   The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk shall place of copy of the civil Judgment in the criminal file, Case No. 2:03-cr-128.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of May, 2008.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Vincent Lamar Williams

-4-